[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #120
ISSUE
Before the court is the defendant's motion for summary judgment as to the entire complaint. The defendant's motion is denied for failure to submit adequate evidence in support of the motion.
 FACTS
On March 2, 2001, the plaintiff, Geary Philbrick, filed a amended one-count complaint against the defendant, All State Boiler and Construction, alleging breach of contract. On September 13, 2002, the defendant filed a motion for summary judgment, accompanied by a memorandum of law in support and exhibits. On October 15, 2002, the plaintiff filed a memorandum of law in opposition to the motion for summary judgment, accompanied by exhibits. The defendant subsequently filed a memorandum of law in reply to the plaintiff's opposition memorandum on October 30, 2002, also with exhibits attached.
The following facts are alleged in the plaintiff's complaint. During August 1998, the plaintiff interviewed with Ron Eaton and Tim Foley, employees of the defendant, in regard to a position as a cost estimator. The plaintiff alleges that during those interviews Mr. Eaton and Mr. Foley made representations to the plaintiff that the defendant would "continue to employ him until he was ready to retire, provided that he performed his job satisfactorily . . ." that the plaintiff would always be treated fairly by the defendant, and that the plaintiff would be terminated only for just cause. Amended complaint, ¶ 3. The plaintiff then left his job with Eastford Tool and Die, Inc. to pursue employment with the defendant.
In late September 1998, the plaintiff participated in a conversation with Maura Conway, a fellow employee of the defendant. Ms. Conway submitted a formal complaint about the subject matter of this CT Page 2905-w conversation by way of a letter addressed to her supervisor, Mr. Foley. The plaintiff was then informed by Mr. Eaton that due to the nature of the conversation he had with Ms. Conway, his employment with the defendant was terminated.
In his single-count complaint, the plaintiff alleges that he was terminated solely as a result of Ms. Conway's complaint, and that such termination was in breach of an implied contract between the parties.
 DISCUSSION
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Buell Industries v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "[T]he genuine issue aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) Id., 556.
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45. "As the party moving for summary judgment, the [movant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). To adequately support a motion for summary judgment, the evidence submitted by the movant must be admissible in a trial setting. GreatCountry Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997). The evidence submitted by the movant may include depositions, however, "[u]ncertified and unattested deposition testimony may not be used to decide a motion for summary judgment." (Internal quotation marks omitted.) Kinne v. Debesse, Superior Court, judicial district of New London, Docket No. 99356 (April 29, 1993, Hurley, J.) (8 C.S.C.R. 520).
The defendant moves for summary judgment on the ground that there is no genuine issue of material fact and it is entitled to judgment as a matter of law because (1) there was an effective disclaimer of any intent to contract, and (2) there was no actual agreement on which an implied CT Page 2905-x contract could have been based. The defendant argues that an implied contract requires actual agreement between the parties, and that the defendant disclaimed any intent to contract on four separate occasions. In addition, the defendant argues that the parties did not reach any agreement on the terms of such an implied contract because the statements made by employees of the defendant were not sufficient to alter the plaintiff's at-will employment status. Finally, the defendant argues that there is no breach of any such implied contract, because the plaintiff was fired for a violation of the defendant's Anti-Harassment Policy.
In opposition, the plaintiff argues that employees of the defendant made oral promises to him, creating a genuine issue of material fact as to what the parties intended to encompass in their contractual agreements.
The defendant submits the following in support of its arguments: (1) the deposition of Timothy Foley, (2) the description of the position of estimator, (3) the deposition of Ron Eaton, (4) the deposition of the plaintiff, (5) a photocopy of the plaintiff's employment application, (6) a copy of the offer letter sent to the plaintiff, and signed by the plaintiff, (7) a form signed by the plaintiff, attesting to his receipt of the employee handbook, and (8) photocopied pages labeled "All State Boiler Construction, Inc. Employee Handbook," containing statements as to the defendant's at-will employment policy, (9) additional pages labeled "All State Boiler Construction, Inc. Employee Handbook," listing categories of employment, (10) a memorandum from Maura Conway addressed to Ron Eaton, (11) pages labeled "All State Boiler Construction, Inc. Employee Handbook," containing the defendant's sexual harassment policy, (12) a document titled "Statement of Events — Geary Philbrick Issue," (13) a letter from the plaintiff and addressed to Ron Eaton, Tim Foley, and Maura Conway, and eleven cases.
This court has previously ruled that it will not consider uncertified deposition testimony when deciding a motion for summary judgment. Kinnev. Debesse, supra, 8 C.S.C.R. 520. The depositions offered by the defendants as exhibits one through four are not certified, and therefore will not be considered by this court.
As to the remaining exhibits, evidence must be admissible at trial in order to be considered by this court. Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, supra, 231 Conn. 796. Business records are specifically addressed in § 8-4 of the Connecticut Code of Evidence: "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence . . ." Prior to CT Page 2905-y concluding that the evidence offered is admissible, the court must first determine "[1] that the record was made in the regular course of business, [2] that it was the regular course of such business to make such a record, and [3] that it was made at the time of the act described in the report, or within a reasonable time thereafter." Calcano v.Calcano, 257 Conn. 230, 240, 777 A.2d 633 (2001). The defendants have offered no such documents or affidavits to show that the business records offered as exhibits five through thirteen were made in the regular course of business, and so this court cannot consider those exhibits.
A movant is required to submit evidence and supporting documentation with a motion for summary judgment. Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, supra, 231 Conn. 796. The defendant has failed to submit adequate evidence to support its motion for summary judgment, and therefore has failed to meet its burden under the rules of the Practice Book. The defendant's motion for summary judgment is therefore denied.
D. Michael Hurley, JTR CT Page 2905-z